## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAUL HARRIS,
904 Quincy Street, NE
Apartment 3
Washington, DC 20017

        Plaintiff,

     v.

CORRECTIONS CORPORATION OF AMERICA,
10 Burton Hill Boulevard
Nashville, TN 37215

CENTRAL TREATMENT FACILITY,
1901 E Street, SE
Washington, DC 20019

and the DISTRICT OF COLUMBIA,
441 4th Street, NW
Washington, DC 20001

        Defendants.

No. _____
(Superior Court of District of
Columbia No. 2007 CA 996241 B)

## NOTICE OF REMOVAL

Defendant Corrections Corporation of America, through counsel, pursuant to Rule 81(c), FED. R. CIV. P., hereby notices the removal of the above-captioned case from the Superior Court of the District of Columbia, filed under Case No. 2007 CA 007241 B, to this Court and in support thereof asserts:

     1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed pursuant to 28 U.S.C. § 1441(b), because it is based on allegations of violations of the United States Constitution and 42 U.S.C. § 1983, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum.

     2.     This Notice of Removal is being filed within thirty (30) days after initial receipt of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

3.      The time for which Defendant Corrections Corporation of America has to remove this case with respect to the Complaint has not expired.   An Answer to Plaintiff's Complaint was filed with a Demand for Jury Trial in the Superior Court of the District of Columbia, copies of which are included in Exhibit B, all documents filed in the Superior Court of the District of Columbia case.

4.      The District of Columbia has not yet been served.   Defendant has notified counsel for Defendant District of Columbia of its intent to remove this case and the District of Columbia has no objection to the removal of this action.

5.      A Notice of Filing Notice of Removal to the United States Court for the District of Columbia, a true and correct copy of which is attached as Exhibit A, has been filed in the Superior Court of the District of Columbia on behalf of Defendant.

WHEREFORE, Defendant respectfully requests that the above action now pending in the Superior Court of the District of Columbia be removed to this Court.

Dated: November 30, 2007             By: _Daniel P Struck, by M. Bravo_

Daniel P. Struck (D.C. Bar No. CO0037)
Jennifer L. Holsman (D.C. Bar No. 495296)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Facsimile:   (602) 263-1784

Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

Attorneys for Defendant, *Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 30, 2007, a copy of the foregoing Notice of Removal was served by First Class U.S. Mail on the following parties:

Deidra L. McEachern, Esq.
MCEACHERN & MCEACHERN, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C.  20003
Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, N.W., 6S051
Washington, D.C.  20001
Attorney for Defendant *District of Columbia*

Mariana D. Bravo

1852621.1

# Exhibit A
# Notice of Filing Notice of Removal

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

Paul Harris,

                    Plaintiff,

       v.

Correction Corporation of America, Inc., Central
Treatment Facility, District of Columbia,

                Defendants.

C.A. No. 2007 CA 007241 B

Judge:  Honorable Judith Bartnoff
Next Event: Initial Conference:
      Friday, February 8, 2008
      9:30 a.m.
Location:  Courtroom 415
              500 Indiana Avenue, N.W.
              Washington, D.C.  20001

### NOTICE OF FILING NOTICE OF REMOVAL

Defendant Corrections Corporation of America, through counsel and pursuant to 28 U.S.C. §

1441 *et seq.,* notifies this Court that it has filed a Notice of Removal of this action to the United States

District Court for the District of Columbia. Defendant Corrections Corporation of America has

contacted counsel for the District of Columbia, who is presently unserved,  and it has advised it has no

objection to the removal.   A copy of the Notice of Removal filed in the United States District Court is

attached as Exhibit A.

Dated: November 29, 2007

By:   /s/  Jennifer L. Holsman
    Daniel P Struck (D.C. Bar No. CO0037)
    Jennifer L. Holsman (D.C. Bar No. 495296)
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Telephone:  (602) 263-1700
    Facsimile:  (602) 263-1784

    Paul J. Maloney (D.C. Bar No. 362533)
    Mariana Bravo (D.C. Bar No. 473809)
    CARR MALONEY, PC
    1615 L Street, NW, Suite 500
    Washington, DC 20036
    Telephone: (202) 315-5500
    Facsimile: (202) 310-5555
    Attorneys for Defendant *Corrections*
    *Corporation of America*

Foregoing filed *electronically*
this 29th day of November, 2007.

_____/s/ Carol S. Madden___

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, a copy of the foregoing Notice of Filing Notice of

Removal was served by First Class U.S. Mail on the following parties:

Deidra L. McEachern, Esq.
MCEACHERN & MCEACHERN, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C.  20003

Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, N.W., 6S051
Washington, D.C.  20001

Attorneys for  Defendant, *District of Columbia*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036

_____/s/ Jennifer L. Holsman_____
Jennifer L. Holsman

Exhibit B
Superior Court of the District of
Columbia Filings



CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Paul Harris
404 Quincy St. NE Apt #5
Washington DC 20017                    *Plaintiff*

vs.                                                      Civil Action No. _____

Central Treatment Facility
1901 E. St. S.E.
Washington, DC 20009          *Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party palintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the adddress stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Deidra L. McEachern
Name of Plaintiff's Attorney

1402-B Pennsylvania Ave SE            By _____
Address                                                      Deputy Clerk

Washington, DC 20003

(202) 548-2205                              Date: 10/30/07
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170
YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Dec. 91
2-0885-1 wd 375              NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

 

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Paul Harris
404 Quincy St. NE Apt #3
Washington, DC. 20017

*Plaintiff*

vs.

Civil Action No. _____

Gunnahan Corporation of America, Inc.
10 Burton Hill Blvd
Nashville, TN 34215

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Deidra L. McFadden
Name of Plaintiff's Attorney

1463-B Pennsylvania Ave SE
Address

Washington, DC 20003

(202) 548-2285
Telephone

By _____
                    Deputy Clerk

Date  10/30/19

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

 

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W.,  Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Paul Harris
904 QuincySt NE Apt #3
Washington, DC. 20017          *Plaintiff*
vs.

Civil Action No. _____

Office oF SEC
Tabatha Braxton          *Defendant*
John A Wilson Bldg, Suite 419
1350 Penn Ave NW
Washington, DC. 20004          **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Deidra L McEachern
Name of Plaintiff's Attorney

1483-B Pennsylvania Ave SE          By _____
Address                                              Deputy Clerk
Washington, DC. 20003

(202)548-2385          Date 10/30/07
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

 

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Paul Harris
904 Quincy St. NE Apt 3
Washington, DC. 20017                    *Plaintiff*

vs.                                                      Civil Action No. _____

Office of the Attorney General
for District of Columbia            *Defendant*
Darlene Fields - Nadine Wilburn
441 4th St NW 6th Fl S.
Washington, D.C. 20001                    **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                                  *Clerk of the Court*

Deidra L. McEachem
Name of Plaintiff's Attorney

1465 B Pennsylvania Ave SE.          By _____
Address                                                        Deputy Clerk
Washington, DC. 20003
(202) 548-3385                            Date  10/30/07
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Paul Harris

vs

Correction Corp of America et al

Case Number: _____

Date: 10/30/07

| | |
|---|---|
| Name: *(please print)*<br>Deidra L. McEachem<br>Firm Name:<br>McEachem & McEachem P.C.<br>Telephone No.:      Six digit Unified Bar No.:<br>(202) 548-9385        418579 | Relationship to Lawsuit<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>Other: _____ |

TYPE OF CASE:  ☐ Non-Jury          ☑ 6 Person Jury       ☐ 12 Person Jury
Demand:$ _____         Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☑ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496-July 07



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAUL HARRIS

 Vs.

             C.A. No.   2007 CA 007241 B

CORRECTION CORPORATION OF AMERICA, INC

## INITIAL ORDER AND ADDENDUM

 Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

 (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

 (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

 (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

 (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

 (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

          Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:  October 30, 2007
Initial Conference: 9:30 am, Friday, February 08, 2008
Location:  Courtroom 415
     500 Indiana Avenue N.W.
     WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

## Superior Court of the District of Columbia

### CIVIL DIVISION

Paul Harris

_____
Plaintiff(s)

vs.                                                    Case No. _____

Correction Corp Of America et al.

_____
Defendant(s)

### MOTION TO PROCEED IN FORMA PAUPERIS

Comes now the _Paul Harris_ and respectfully request this honorable court to allow them to proceed without prepayment of costs for the following reason(s):

Plaintiff is unemployed. My only source of income is Social Security income of $374.00/mo and supplemental Security income of $239/mo.

| | |
|---|---|
| Printed name: Paul Harris | Signature: Paul Harris |
| Address: 404 Quincy St. NE Apt #3 Wash, D.C. 2001? | Home phone no. (202) 701-5318 |
| | Business phone no. n/a |

### CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed, postage prepaid, on _____, 19____,

To: Correction Corp Of America, Inc.        Central Treatment Facility

| | |
|---|---|
| Name: 10 Burton Hill Blvd | Name: 1901 E. St. SE. |
| Address: Nashville, TN 37215 | Address: Washington, DC. 20019 |

District Of Columbia
441 4th St. N.W.
Washington, DC. 20001

x Paul Harris
_____
Signature

### POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

_____

_____

Paul Harris
_____
Signature

# Superior Court of the District of Columbia
## CIVIL DIVISION

Paul Harris
_____,
**Plaintiff**

vs.

Correction Corp of America
_____,
**Defendant**

Civil Action No. _____

# AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1. Are you presently employed?   Yes_____  No_____
   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

   N/a

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

   U.S. Park Service - 1990      approx $1200/mo

   _____

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or form of self-employment?   Yes_____  No___✓___
   b. Rent payments, interest or dividends?   Yes_____  No___✓___
   c. Pensions, annuities or life insurance payments?   Yes_____  No___✓___
   d. Gifts or inheritance?   Yes_____  No___✓___
   e. Any other sources?   Yes_____  No___✓___

If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

   N/a

   _____

   _____

   _____

   _____

3. Do you own any cash, or do you have money in checking or savings account? Yes_____ No___✓___ (Include any funds in prision accounts). If the answer is yes, state the total value of the items owned.

n/a

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes_____ No___✓___ If the answer is yes describe the property and state its approximate value.

n/a

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Self

I have read and subscribed to the above and swear, under oath, that the information is true and correct.   I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

_____
*(Plaintiff's signature)*

_____, being first duly sworn under oath, presents that he has read and subscribed to the above and states that the information herein is true and correct.

_____
*(Plaintiff's signature)*

SUBSCRIBED AND SWORN TO before me this

30 _____ day of October _____ 19 2007

Kirston Fleming
NOTARY PUBLIC
DISTRICT OF COLUMBIA
My Commission Expires October 31, 2011

_____
*Notary Pu___ or other person*
*authorized ___dminister an oath*

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## FAMILY COURT

Jacket No. _____

✓ Paul Harris

10/30/07
Date

### FINANCIAL STATEMENT

v. ✓ Correction Corp of America et al.

✓ NAME: Paul Harris

SOCIAL SECURITY NO: ~~_____~~

OCCUPATION: Disabled

NAME AND ADDRESS OF CURRENT EMPLOYER:

N/A

I claim _____ exemptions
for withholding tax purposes.

## INCOME INFORMATION*

| | | | AVERAGE MONTHLY EXPENSES | | |
|---|---|---|---|---|---|
| | | | | Wife/Husband | Children |

1. Monthly gross wages ............................. $ 613.

Housing, etc.
Rent/Mortgages .......... $ 180.00   $
Utilities .......... 25.00
Taxes ..........

2. Less Mandatory Monthly Deductions:

Food
Groceries/Household Supplies 50+30.00
Meals Out ..........

Federal Income Tax ..........$ _____
State Income Tax ..........$ _____
Retirement:
   FICA ..........$ _____
   Social Security ..........$ 374
Medical Insurance ..........$ _____
Other: Supplement Security ..........$ 239
TOTAL ..........$ 613

Automobile
   Payment ..........
   Gas/Oil ..........
   Repairs ..........
   Insurance ..........
   Tags ..........

3. Monthly Net Wages    $ 613
   (Subtract Line 2 form line 1)

Life Insurance ..........
   (List beneficiaries)
   _____
   _____

4. Monthly income form all other sources
   (e.g., part-time or overtime wages, fees
   rents, dividends, commissions, unem-
   ployment compensation, disability,
   social security, retirement, interest,
   bonuses, etc.)    $ 613.

Health Insurance (not listed as
   income deduction)

5. Less Other Mandatory Monthly Deductions:

School
   Tuition ..........
   Supplies/Fees ..........

Federal Income Tax ..........$ _____
State Income Tax ..........$ _____
Retirement:
   FICA ..........$ _____
   Social Security ..........$ _____
   Medical Insurance ..........$ _____
   Other ..........$ _____
   TOTAL ..........$ _____

Child Care Expenses
   To allow for employment/
      Education ..........
   To allow for recreation ..........
Lesson (e.g. music, dance, art) ..........
Allowance ..........
Clothing/Uniforms .......... 100.00
Dry Cleaning/Laundry ..........

6. Monthly Net Income form
   All other sources ..........    $ _____
   (Subtract Line 5 from Line 4)

Medical Expenses ..........
   (Unpaid by Insurance)
Charitable Contributions ..........

7. Total Monthly Net
   Disposable Income ..........    $ _____
   Total Monthly Gross Income ..........    $ _____

Recreation ..........
Vacations ..........
Miscellaneous:

8. Total Monthly Gross Income ..........    $ _____
   (Add Lines 1 and 4)

$ 30.00

## SUMMARY

Period Payments Required on Bills:

9. Total Monthly Net
   Disposable Income ..........    $ 613.00

10. Less Total Monthly Expenses ..........    $ 532.00

11. Difference: ..........    $ 1800

Total Monthly Expenses ..........    445.00

*NOTE: If you are paid weekly, multiply your weekly gross wages by 4.3 to arrive at your monthly gross wage. If you are paid every two weeks multiply your bi-weekly gross wages by 2.15 to arrive at your monthly gross wage.

PLEASE ATTACH LATEST WAGE STATEMENTS SHOWING YOUR...

## LIABILITIES

| Type of Debt | To Whom Owned | Date Incurred | Total Amount of Debt | Amount Paid to Date | Balance |
|---|---|---|---|---|---|
| | N/A | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Liabilities: | |

## ASSETS

**(List as separately or jointly owned with spouse)**

## SUMMARY

| | Separate | Joint | | Separate | Joi |
|---|---|---|---|---|---|
| Cash ON HAND | | | Total Assets | N/A | |
| Automobiles VALUE | | | Less Total Liabilities | | |
| Bank Accounts | | | Net Worth | | |
| Bonds | | | | | |
| Notes | | | | | |
| Real Estates | N/A | | | | |
| Stocks | | | | | |
| Personal Property | | | | | |
| | | | | | |
| Total Assets | | | | | |

*Paul Harris*

I certify that this statement indicates by current financial situation to the best of my knowledge.

Subscribed and sworn to before me this 30th day of Oct. 2007        20_7

*Donna D.N. Britt*

**(Deputy clerk or Notary Public)**

 

# Superior Court of the District of Columbia

## CIVIL DIVISION

Paul Harris

**FILED**
CIVIL ACTIONS BRANCH
OCT 3 0 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

_____ Plaintiff(s)

vs.                                                    Civil Action No. _____

Correction Cap of America et al

_____ Defendant(s)

Paul Harris

Upon consideration of _Plaintiff's_ **ORDER** motion to proceed *in forma pauperis*, it is this _30th_

day of _October_ , 19 _2007_ ,

**ORDERED** that said motion is

☑  Granted, and the prepayment of court costs is hereby waived.

☐  Denied without prejudice, on the grounds that

It is further ORDERED that

Case: 2007 CA 007241 B
0002998462
Dkt: CIVOGAIFP

Copies to:

_____
                                                    **JUDGE**

Form CV-626/Sept. 81
Previous Editions obsolete
B2-0656-P

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**PAUL HARRIS**
**904 Quincy Street NE**
**Apt # 3**
**Washington, D.C. 20017**

    **Plaintiff,**

    **v.**

**CORRECTION CORPORATION OF AMERICA, Inc.**
**10 Burton Hill Blvd.**
**Nashville, TN 37215,**

    **and**

**CENTRAL TREATMENT FACILITY**
**1901 E. Street S.E.**
**Washington, D.C. 20019,**

    **and**

**DISTRICT OF COLUMBIA**
**441 4TH Street N.W.**
**Washington, D.C. 20001,**

    **Defendants.**

                     **Civil Action No.:**

                     **0007241-07**

FILED
CIVIL ACTIONS BRANCH
OCT 30 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Office of SEC
Tabatha Braxton
John A Wilson Bldg Suite 419
1350 Penn Ave NW
Washington, D.C. 20004

Office of the Attorney General
for District of Columbia
Darlene Fields - Nadine Wilburn
441 4th St NW 6th Fl S
Washington, DC. 20001
Defendants

## COMPLAINT

COMES NOW, the plaintiff, Paul Harris, by and through undersigned counsel

and asserts the following:

## JURISDICTION

1. This Court has jurisdiction over plaintiff's claim of Negligence pursuant to 42

U.S.C. 1983, pursuant to District of Columbia Section 11-921(a)(6)(1995) Replacement

Volume) and personal jurisdiction over the defendants pursuant to D.C. Code Section 13-

422 and 13-423 (a)(3)(1981 edition.)

## PARTIES

2. Plaintiff Paul Harris is 45 year old man who resides at 904 Quincy Street N.E., Apt # 3 in Washington, D.C. 20017.

3. Defendant, Correctional Treatment Facility (CTF) is a correctional facility operating in the District of Columbia.

4. Defendant, Correction Corporation of America (CCA) is a corporation that owns CTF.

5. Both CTF and CCA are agents of the District of Columbia.

6. Defendant, District of Columbia is a municipal corporation.

## FACTS

7. On August 30, 2005, Plaintiff Harris was assigned to the culinary facilities while incarcerated at CTF.

8. Prior to September 1, 2005 Plaintiff Harris notified CTF several times that he did not have appropriate footwear for the culinary detail and that the floors were extremely slippery.

9. Plaintiff was forced to work in tennis shoes rather than rubber boots as required by CTF policies.

10. On September 1, 2005, Plaintiff Harris slipped and fell, injuring his neck and back in the culinary facilities because the floors were slippery.

11. Defendant CTF had failed to provide the proper footwear to Plaintiff Harris as requested.

12. Plaintiff Harris was treated at D.C. General Hospital for his injuries where he

was prescribed Percoset for his pain as well as daily heat treatments.

13. Defendant failed to administer the Percoset to Plaintiff Harris, giving him Motrin 800 at times, and at other times, no medication at all.

14. Defendant also failed to provide heat treatments as prescribed by D.C. General Hospital.

15. Plaintiff Harris continued to experience debilitating pain as a result of inadequate treatment, despite the consistent complaints made to the CTF.

16. On December 2, 2006, Plaintiff Harris was released from CTF custody.

17. Plaintiff Harris walked with the aid of a neck brace and walking cane for a period of approximately six months due to his injuries.

18. Subsequently, Plaintiff Harris sought physical therapy treatment for the injuries that he had sustained while incarcerated at CTF and was released from care on April 5, 2006.

19. Plaintiff Harris continues to experience back pain from the injuries sustained while incarcerated on a daily basis.

20. Plaintiff Harris experiences difficulty in lifting heavy objects, standing for long periods of time, and walking long distances.

## COUNT ONE
### (NEGLIGENCE)
### (DISTRICT OF COLUMBIA, CENTRAL TREATMENT FACILITY, AND CORRECTION CORPORATION OF AMERICA, INC.)

21. Plaintiff hereby incorporates paragraphs 1-18 by reference in this count.

22. On September 1, 2005, CTF had a duty to exercise at least ordinary care by maintaining dry floors in its culinary facilities or alternatively posting notice of the wet

11/08/2007 10:30 FAX  615 263 3100    CCA BUSINESS DEU    ☑010/012

floors.

23. CTF also had a duty to provide persons assigned to the culinary facilities proper footwear in order to avoid falls.

24. Defendant CTF breached their duty to exercise ordinary care when they failed to maintain dry floors, post notice of wet floors, and provide proper footwear to Plaintiff Harris.

25. As a result of CTF's breach as referenced in paragraph 22 and 23, Plaintiff Harris fell and sustained the injuries described in this complaint.

26. CTF's breach as described above were the proximate and direct cause of Plaintiff Harris' injuries.

27. CTF is owned by Correction Corporations of America, Inc. (CCA).

28. As a result, CCA is liable for the negligence of CTF.

29. Defendants CTF and CCA are agents of the District of Columbia.

30. As a result, the District of Columbia is liable for the negligence of CTF and CCA under the theory of respondeat superior.

## COUNT II
## FAILURE TO TREAT

31. Plaintiff hereby incorporates paragraphs 1-30 in this count.

32. Because Plaintiff Harris was an inmate at CTF at the time of his fall and injury sustained herein CTF, CCA, and the District of Columbia had a duty to treat or insure that Plaintiff Harris was treated for his injuries.

33. CTF, CCA, and the District of Columbia breached that duty when they failed to administer the proper medication and heat treatments as prescribed by D.C. General

Hospital.

34. Plaintiff Harris continues to experience back pain on a daily basis from the injuries sustained and Defendant's subsequent failure to treat while incarcerated.

35. But for Defendant's failure to treat those injuries, Plaintiff Harris would not continue to experience pain.

WHEREFORE, based on all of the foregoing, the Plaintiff demands that a judgment be entered in favor of the Plaintiff on all causes of action cited above against Correction Treatment Facility, Correction Corporation of America, and the District of Columbia jointly and severally, in compensatory damages in the amount of One Hundred Thousand Dollars ($100,000) plus interest, costs and attorney fees.

_____
Paul Harris

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all of the facts, issues, and counts raised in this complaint.

Respectfully submitted,

Deidra L. McEachern, Esq.
McEachern & McEachern, P.C.
1453-B Pennsylvania Ave, SE
Washington, D.C. 20003
(202) 548-2385
(202) 548-2379 Facsimile







*LAW OFFICES OF McEACHERN & McEACHERN, PC*
*1453-B Pennsylvania Avenue, SE*
*Washington, D.C. 20003*

CERTIFIED MAIL

7007 1490 0000 5772 8009

37215

Correction Corporation of America, Inc.
Anne Parker
10 Burton Hills Blvd.
Nashville, TN 37215



U.S. POSTAGE PAID
COLUMBIA, MD
OCT 31 07
AMOUNT
$5.38
00042783-08

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

Paul Harris,

                        Plaintiff,

                    ˙v.                                    No. 2007 CA 007241 B

Correction Corporation of America, Inc., Central          Judge: Honorable Judith Bartnoff
Treatment Facility, District of Columbia,                 Next Event: Initial Conference:
                                                           Friday, February 8, 2008
                        Defendants.                        9:30 a.m.

## SEPARATE ANSWER OF DEFENDANT, CORRECTIONS CORPORATION OF AMERICA

Defendant, Corrections Corporation of America, for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

This answering Defendant denies each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise plead to.

## JURISDICTION AND VENUE

1.    In answering paragraph 1 of Plaintiff's Complaint, this answering Defendant admits that the Federal Court has jurisdiction of this matter pursuant to 42 U.S.C. § 1983. This answering Defendant further admits that the Court has jurisdiction over Corrections Corporation of America. This answering Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

## PARTIES

2.    In answering paragraph 2 of Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

3.    This answering Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    This answering Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    This answering Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    In answering paragraph 6 of Plaintiff's Complaint, this paragraph is not directed to this answering Defendant and, therefore, no response is required and none is given. To the extent paragraph 6 asserts allegations of wrongdoing against this answering Defendant, this answering Defendant denies the same.

## FACTUAL ALLEGATIONS

7.    In answering paragraph 7 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore, denies the same.

8.    In answering paragraph 8 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore, denies the same.

9.    This answering Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    This answering Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     This answering Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     In answering paragraph 12 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore, denies the same.

13.     This answering Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     This answering Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     This answering Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     This answering Defendant admits, upon information and belief, the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     In answering paragraph 17 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore, denies the same.

18.     In answering paragraph 18 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore, denies the same.

19.     In answering paragraph 19 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore, denies the same.

20.    In answering paragraph 20 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore, denies the same.

## COUNT I – NEGLIGENCE

## (District of Columbia, Correctional Treatment Facility and Corrections Corporation of America)

21.    In answering paragraph 21 of Plaintiff's Complaint, this answering Defendant incorporates by reference his responses to Paragraphs 1 through 20 of Plaintiff's Complaint.

22.    In answering paragraph 22 of Plaintiff's Complaint, this answering Defendant admits that it has a duty to act reasonably to protect inmates from known, unreasonable and foreseeable risks of substantial harm. This answering Defendant specifically denies that it has any duty relating to the condition of the floors in the kitchens at CTF. This answering Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23.    In answering paragraph 23 of Plaintiff's Complaint, this answering Defendant admits that it has a duty to act reasonably to protect inmates from known, reasonable and foreseeable risks of substantial harm. This answering Defendant specifically denies that it owed any duty to provide "proper footwear" to persons assigned to the culinary duties. This answering Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

24.    This answering Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     This answering Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     This answering Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     This answering Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     This answering Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     This answering Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     In answering paragraph 30 of Plaintiff's Complaint, this paragraph is not directed to this answering Defendant and, therefore, no response is required and none is given. To the extent that a response is required, this answering Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT II – FAILURE TO TREAT

31.     In answering paragraph 31 of Plaintiff's Complaint, this answering Defendant incorporates by reference his responses to Paragraphs 1 through 30 of Plaintiff's Complaint.

32.     In answering paragraph 32 of Plaintiff's Complaint, this answering Defendant denies that it has a duty to provide inmates with medical care while detained. This answering Defendant has no responsibility to provide medical treatment to any inmate housed at CTF pursuant to an Agreement with the District of Columbia. This answering Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

33.    This answering Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    This answering Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.    This answering Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

36.    As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff fails to state a claim upon which relief may be granted.

37.    As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff's claims may be barred by the applicable statute of limitations.

38.    As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

39.    As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff was contributorily/comparatively negligent, which would diminish or eliminate Plaintiff's right to recovery against this answering Defendant.

40.    As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

41.    As a separate defense, and in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

42.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

43.    As a separate defense, or in the alternative, this answering Defendant alleges that it acted in good faith, thereby warranting dismissal of this lawsuit.

44.    As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff has failed to satisfy all statutory, administrative, procedural and commons law prerequisites to maintaining this cause of action, thereby warranting dismissal of this lawsuit.

45.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate his injuries and/or damages.

46.    As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own intentional, unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

47.    As a separate defense, or in the alternative, this answering Defendant alleges that its employees may be entitled to qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and was acting in good faith and without malice, all of which would prevent Plaintiff from recovery from this answering Defendant.

48.    As a separate defense, or in the alternative, this answering Defendant alleges that it is not responsible for any injuries alleged as a result of incident s which occurred while performing food services duties or any allegations of inadequate medical care pursuant to an Agreement between CCA and the District of Columbia.

49.    Although this answering Defendant does not presently have facts in support of the following defenses, this answering Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, the following affirmative defenses set forth in FED.R.CIV. Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, this answering Defendant requests that Plaintiff's Complaint be dismissed and that he be awarded his reasonable attorney's fees and costs incurred herein.

## JURY DEMAND

Defendant demands a trial by jury on all triable issues.

Dated: November 26, 2007

By:  /s/ Jennifer L. Holsman
    Jennifer L. Holsman, Bar No. 022787
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Telephone:  (602) 263-1700
    Facsimile:    (602) 263-1784

    Paul J. Maloney (D.C. Bar No. 362533)
    Mariana Bravo (D.C. Bar No. 473809)
    CARR MALONEY, PC
    1615 L Street, NW, Suite 500
    Washington, DC 20036
    Telephone: (202) 315-5500
    Facsimile: (202) 310-5555
    Attorneys for Defendant *Corrections Corporation of America*

Foregoing filed *electronically*
this 26th day of November, 2007.

    /s/ Carol S. Madden

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, a copy of the foregoing Separate Answer of

Defendant, Corrections Corporation of America,  was served by First Class U.S. Mail on the

following parties:

Deidra L. McEachern, Esq.
MCEACHERN & MCEACHERN, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C.  20003
Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, N.W., 6S051
Washington, D.C.  20001

Attorney for  Defendant, *District of Columbia*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC   20036


                              /s/ Jennifer L. Holsman
                         Jennifer L. Holsman



1851153.1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Paul Harris, | |
| Plaintiff, | No. 2007 CA 007241 B |
| v. | |
| Correction Corporation of America, Inc., Central Treatment Facility, District of Columbia, | Judge:  Honorable Judith Bartnoff Next Event: Initial Conference: Friday, February 8, 2008 9:30 a.m. |
| Defendants. | |

## <u>DEMAND FOR JURY TRIAL OF DEFENDANT, CORRECTIONS CORPORATION OF AMERICA</u>

Defendant, Corrections Corporation of America, through counsel, hereby requests a trial by jury of all triable issues in the above-captioned matter.

Dated: November 26, 2007

By:   /s/ Jennifer L. Holsman

Jennifer L. Holsman, Bar No. 022787
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:   (602) 263-1700
Facsimile:    (602) 263-1784

Paul J. Maloney (D.C. Bar No. 362533)
Mariana Bravo (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

Attorneys for Defendant *Corrections Corporation of America*

Foregoing filed *electronically*
this 26th day of November, 2007.

_____ /s/ Carol S. Madden

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007, a copy of the foregoing Demand for Jury

Trial of Defendant, Corrections Corporation of America, was served by First Class U.S. Mail on

the following parties:

Deidra L. McEachern, Esq.
McEachern & McEachern, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C. 20003

Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., 6S051
Washington, D.C. 20001

Attorney for Defendant, *District of Columbia*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
Carr Maloney, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036


_____    /s/ Jennifer L. Holsman_____
              Jennifer L. Holsman


1851184.1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Paul Harris,

                Plaintiff,

      v.

Correction Corporation of America, Inc., Central
Treatment Facility, District of Columbia,

              Defendants.

C.A. No. 2007 CA 007241 B

Judge:  Honorable Judith Bartnoff
Next Event: Initial Conference:
  Friday, February 8, 2008
  9:30 a.m.
Location:  Courtroom 415
           500 Indiana Avenue, N.W.
           Washington, D.C.  20001

### NOTICE OF FILING NOTICE OF REMOVAL

Defendant Corrections Corporation of America, through counsel and pursuant to 28 U.S.C. §

1441 *et seq.*, notifies this Court that it has filed a Notice of Removal of this action to the United States

District Court for the District of Columbia.  Defendant Corrections Corporation of America has

contacted counsel for the District of Columbia, who is presently unserved, and it has advised it has no

objection to the removal.   A copy of the Notice of Removal filed in the United States District Court is

attached as Exhibit A.

Dated: November 29, 2007

By:  /s/ Jennifer L. Holsman
    Daniel P Struck (D.C. Bar No. CO0037)
    Jennifer L. Holsman (D.C. Bar No. 495296)
    JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Telephone:  (602) 263-1700
    Facsimile:  (602) 263-1784

    Paul J. Maloney (D.C. Bar No. 362533)
    Mariana Bravo (D.C. Bar No. 473809)
    CARR MALONEY, PC
    1615 L Street, NW, Suite 500
    Washington, DC 20036
    Telephone: (202) 315-5500
    Facsimile: (202) 310-5555
    Attorneys for Defendant *Corrections
    Corporation of America*

Foregoing filed *electronically*
this 29th day of November, 2007.

_____ /s/ Carol S. Madden __

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, a copy of the foregoing Notice of Filing Notice of

Removal was served by First Class U.S. Mail on the following parties:

Deidra L. McEachern, Esq.
MCEACHERN & MCEACHERN, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C. 20003

Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, N.W., 6S051
Washington, D.C. 20001

Attorneys for Defendant, *District of Columbia*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036

_____ /s/ Jennifer L. Holsman _____
Jennifer L. Holsman

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul Harris | Corrections Corporation of America, Central Treatment Facility, and the District of Columbia |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF | 11001 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT |
|---|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | | (IN U.S. PLAINTIFF CASES ONLY) |
| | | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Deidra L. McEachern, Esq. MCEACHERN & MCEACHERN, P.C. 1453-B Pennsylvania Avenue, S.E. Washington, D.C. 20003 Telephone: (202) 548-2385 | Daniel P. Struck, Esq. (D.C. Bar No. CO0037) Jennifer L. Holsman, Esq. (D.C. Bar No. 495296) JONES, SKELTON & HOCHULI, P.L.C. 2901 North Central Avenue, Suite 800 Phoenix, Arizona 85012 Telephone: (602) 263-1700 |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ⊙ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ⊙ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Sec. 1983 - Conditions of Confinement

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 100,000.00 **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE   11/30/2007    SIGNATURE OF ATTORNEY OF RECORD   *Daniel Strieck, by Glaziova Garo*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.