IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Harris,<br><br>           Plaintiff,<br><br>      v.<br><br>Corrections Corporation of America, Central Treatment Facility, District of Columbia,<br><br>           Defendants. | Civil No. 1:07-cv-02169-RWR |

## ANSWER OF DEFENDANT DISTRICT OF COLUMBIA

Defendant, District of Columbia, for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

This answering Defendant denies each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise plead to.

## JURISDICTION AND VENUE

1.   In answering paragraph 1 of Plaintiff's Complaint, this answering Defendant admits that the Federal Court has jurisdiction of this matter pursuant to 42 U.S.C. § 1983.  This answering Defendant further admits that the Court has jurisdiction over District of Columbia.  This answering Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

## PARTIES

2.   In answering paragraph 2 of Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore, deny same.

1863471.1

3. This answering Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. This answering Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. This answering Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. This answering Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7. In answering paragraph 7 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore, denies the same.

8. In answering paragraph 8 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore, denies the same.

9. This answering Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. This answering Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. This answering Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. In answering paragraph 12 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore, denies the same.

13. This answering Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. This answering Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. This answering Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant District of Columbia states that it lacks sufficient knowledge or information at this time about the allegations contained in paragraph 16 of the Complaint, and on that basis it denies them pending strict proof at trial.

17. In answering paragraph 17 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore, denies the same.

18. In answering paragraph 18 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore, denies the same.

19. In answering paragraph 19 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore, denies the same.

20. In answering paragraph 20 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore, denies the same.

## COUNT I – NEGLIGENCE

(District of Columbia, Correctional Treatment Facility and Corrections Corporation of America)

21. In answering paragraph 21 of Plaintiff's Complaint, this answering Defendant incorporates by reference his responses to Paragraphs 1 through 20 of Plaintiff's Complaint.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint do not apply to defendant District of Columbia.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint do not apply to defendant District of Columbia.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint do not apply to defendant District of Columbia.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint do not apply to defendant District of Columbia.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint do not apply to defendant District of Columbia.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint do not apply to defendant District of Columbia.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint do not apply to defendant District of Columbia.

29. This answering Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. This answering Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

### COUNT II – FAILURE TO TREAT

31. In answering paragraph 31 of Plaintiff's Complaint, this answering Defendant incorporates by reference his responses to Paragraphs 1 through 30 of Plaintiff's Complaint.

32. Defendant District of Columbia states that the allegations contained in paragraph 32 of the Complaint are conclusions of law by plaintiff to which no response is required.

33. Defendant District of Columbia states that the allegations contained in paragraph 33 of the Complaint are conclusions of law by plaintiffs to which no response is required.

34. This answering Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. This answering Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

36. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff fails to state a claim upon which relief may be granted.

37. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff's claims may be barred by the applicable statute of limitations.

38. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

39. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff was contributorily/comparatively negligent, which would diminish or eliminate Plaintiff's right to recovery against this answering Defendant.

40. As a separate defense, and in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

41. As a separate defense, and in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

42. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

43. As a separate defense, or in the alternative, this answering Defendant alleges that it acted in good faith, thereby warranting dismissal of this lawsuit.

44. As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff has failed to satisfy all statutory, administrative, procedural and commons

law prerequisites to maintaining this cause of action, thereby warranting dismissal of this lawsuit.

45. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff may have failed to comply with D.C. Code § 12-309 prior to filing suit, thus barring this action.

46. As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate his injuries and/or damages.

47. As a separate defense, or in the alternative, if Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own intentional, unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

48. As a separate defense, or in the alternative, this answering Defendant alleges that its employees may be entitled to qualified immunity from suit, as they were acting under close official supervision of the District of Columbia, and was acting in good faith and without malice, all of which would prevent Plaintiff from recovery from this answering Defendant.

49. As a separate defense, or in the alternative, this answering Defendant alleges that it is not responsible for any injuries alleged as a result of incidents which occurred while performing food services duties or any allegations of inadequate medical care pursuant to an Agreement between CCA and the District of Columbia.

50. Defendant denies all allegations of wrongdoing including, but not limited to, violations of common law.

51. All actions performed by any District of Columbia employee, acting

within the scope of their employment, met or exceeded the applicable standard of care.

53. Plaintiff failed to mitigate his damages.

53. Defendant District of Columbia reserves the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

### Set-Off

Defendant District of Columbia claims a set-off against any judgment obtained by plaintiff for the cost of all medical and hospital treatment rendered to plaintiff by the defendant District of Columbia, directly or indirectly, including Medicaid, and a set-off for the value of any and all public benefits received directly or indirectly by plaintiff from the District of Columbia.

WHEREFORE, having fully answered Plaintiff's Complaint, this answering Defendant requests that Plaintiff's Complaint be dismissed and that he be awarded his reasonable attorney's fees and costs incurred herein.

### JURY DEMAND

Defendant demands a trial by jury on all triable issues.

| | |
|---|---|
| Dated: January 2, 2007 | By:  /s/  Jennifer L. Holsman  <br>Daniel P. Struck (D.C. Bar No. CO0037) <br>Jennifer L. Holsman (D.C. Bar No. 495296) <br>JONES, SKELTON & HOCHULI, P.L.C. <br>2901 North Central Avenue, Suite 800 <br>Phoenix, Arizona  85012 <br>Telephone:   (602) 263-1700 <br>Facsimile:    (602) 263-1784 <br><br>Paul J. Maloney (D.C. Bar No. 362533) <br>Mariana Bravo (D.C. Bar No. 473809) <br>CARR MALONEY, PC <br>1615 L Street, NW, Suite 500 <br>Washington, DC 20036 <br>Telephone: (202) 315-5500 <br>Facsimile: (202) 310-5555 <br><br>Attorneys for Defendant, *District of Columbia, for non-medical claims* <br><br>LINDA SINGER <br>Attorney General for the District of Columbia <br><br>GEORGE C. VALENTINE <br>Deputy Attorney General <br>Civil Litigation Division <br><br>   /s/ Nicole L. Lynch  <br>NICOLE L. LYNCH [D.C. Bar #471953] <br>Chief, General Litigation, Section II <br><br>   /s/  Urenthea McQuinn  <br>URENTHEA McQUINN [D.C. Bar #182253] <br>Assistant Attorney General <br>441 4th Street, N.W. <br>Sixth Floor South <br>Washington, D.C.  20001 <br>(202) 724-6646 <br>(202) 727-3625 (Fax) <br>urenthea.mcquinn@dc.gov <br><br>Attorneys for Defendant, *District of Columbia, for medical claims only.* |

1863471.1

## CERTIFICATE OF SERVICE

      I hereby certify that on January 2, 2008, a copy of the foregoing Answer of Defendant District of Columbia was served electronically on the following party:

Deidra L. McEachern, Esq.
McEachern & McEachern, P.C.
Attorney for Plaintiff Paul Harris
1453-B Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(202)548-2385
(202) 548-2379 Fax

                                        /s/ Jennifer L. Holsman
                                        Jennifer L. Holsman

1863471.1