IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Harris,<br><br>              Plaintiff,<br><br>   v.<br><br>Corrections Corporation of America, Central Treatment Facility, District of Columbia,<br><br>              Defendant. | Civil No. 1:07-cv-02169-RWR |

**JOINT MOTION FOR PROTECTIVE ORDER**

Plaintiff Paul Harris, Defendants Corrections Corporation of America ("CCA"), and the District of Columbia ("District"), and any other persons or entities that may be named as defendants (collectively "Defendants"), expect to produce documents and other items during the course of this litigation that may contain financial, pricing and contractual information, confidential information regarding the security of CCA or District facility, or personal information relating to current or former CCA personnel or current or former inmates (other than the Plaintiff). Defendants contend that in the regular course of discovery, it may be necessary to disclose such information to the lawyers, expert and other witnesses, and/or the Court. Defendants want to ensure that this information remains confidential and that no party to this action makes this information public to individuals or entities that are not involved in this action.

Accordingly, Plaintiff and Defendants agree that the following procedures will be adopted for the protection of Confidential Information:

      1.    **Production of Documents Containing Confidential Information.** "Confidential Information" for purposes of this protective order shall mean documents

containing financial, pricing, or contractual information within the scope of FED. R. CIV. P. 26, including but not limited to the contract(s) between CCA and District, post orders, inmate/resident grievance procedures policy, hazardous materials policy, the tool control policy, grievance logs, monitoring reports, contraband policies, Plaintiff's disciplinary report, and diagrams, maps or other depictions of the area where plaintiff was injured, as well as confidential information relating to the security of a CCA or District facility and personal information relating to current or former CCA employees, or relating to or identifying current or former inmates (other than Plaintiff), the disclosure of which might invade those employees' or inmates' privacy. Defendants shall produce documents containing Confidential Information and other items unredacted to Plaintiff. The producing party may designate such documents as Confidential Information under this Protective Order in the manner set forth in Paragraph 2, below, prior to producing them to Plaintiff.

2. **Designation of Material Subject to this Protective Order.** To designate as confidential material covered by this Protective Order, Defendants shall so designate, on the material itself, in an accompanying cover letter, on a diskette or videotape cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

3. **Access to Confidential Information.** Unless otherwise provided in this Order or by the Court, access to Confidential Information shall be restricted to the Court, its officers, parties, and to the following counsel and witnesses:

    a. Attorneys for any party to this action, including their paralegals and other employees.

    b. Testifying or consulting expert witnesses.

1865081.1

      c.      Fact witnesses, other than current or former inmates and their relatives.

Any attorney or witness to whom Confidential Information is disclosed will be furnished with a copy of this Protective Order and will be subject to the Order.

Confidential Information containing address or contact information for former or current CCA employees will not be disclosed to Plaintiff (with the exception of his attorneys and their personnel) or to any other present or former inmate. Such information will be produced with the label: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER – COUNSEL AND EXPERTS' EYES ONLY." Confidential Information so labeled shall not be disclosed to Plaintiff or to any other present of former inmate.

    4.    **Confidential Information in Depositions.** Plaintiff and Defendants may show deponents documents designated as "Confidential Information."

Defendants may, within 30 business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Such Confidential Information within the deposition transcript may be designated by underlying the portions of the pages that contain the Confidential Information and marking such pages with the following: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.

If Defendants fail to timely designate Confidential Information in a deposition, then none of the transcript or it exhibits will be treated as Confidential Information. If a timely designation is made, the portions, including exhibits, containing Confidential Information shall be filed under

seal separate from the portions and exhibits not so marked.

     5.    **Confidential Information in Open Court.**  The procedure for use of documents designated as Confidential Information during any hearing or the trial of this matter shall be as follows:

     a.    The court reporter will be directed to bind those portions of the transcript containing Confidential Information separately.  This request will be made on the record whenever practical.

     b.    The cover of any portion of a transcript that contains testimony or documentary evidence that has been designated Confidential Information will be prominently marked with the legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

     c.    All portions of the transcripts designated as Confidential Information will be sealed and will not be disseminated except to the persons identified in Paragraph 3.

     6.    **Filing of Documents.**  All pleadings that contain Confidential Information shall be filed in the public record in redacted form, with as few redactions as possible.  An unredacted version will be filed under seal with the clerk of the Court.  The unredacted version will be filed in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, and the legend.  "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

     7.    **Challenging a Designation of Confidentiality.**  If a non-producing party disputes the validity of a confidentiality designation, the party claiming confidentiality shall file

a motion, within 10 business days from the date it receives written notice of the dispute, seeking a protective order; otherwise the claim of confidentiality shall be deemed waived. The party claiming confidentiality shall have the burden of proof on any such motion.

8.  **Conclusion of this Litigation.**  Within 90 days of the final conclusion of this litigation, Plaintiff shall return all documents designated Confidential Information pursuant to this Order and all copies, as well as all notes, memoranda, summaries, or other documents containing information from documents designated Confidential Information, to counsel for Defendants or shall destroy them and certify in writing to counsel for Defendants that the documents have been destroyed.

Dated: March 25, 2008    JONES, SKELTON & HOCHULI, P.L.C.

By:   s/ Jennifer L. Holsman
Daniel P. Struck, DC Bar No. CO0037
Jennifer L. Holsman, DC Bar No. 495296
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Facsimile:   (602) 263-1784

Paul J. Maloney, DC Bar No. 362533
Mariana Bravo, DC Bar No. 473809
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

Attorneys for Defendants *District of Columbia* and *Corrections Corporation of America*

OFFICE OF THE ATTORNEY GENERAL


By:  s/ Urenthea McQuinn
    Urenthea McQuinn, Esq., DC Bar #182253
    Assistant Attorney General
    441 4th Street, N.W., 6S051
    Washington, D.C.  20001

    Attorney for  Defendant, *District of Columbia*


MCEACHERN & MCEACHERN, P.C.


By:  s/ Deidra L. McEachern
    Deidra L. McEachern, Esq., DC Bar #418572
    1453-B Pennsylvania Avenue, S.E.
    Washington, D.C.  20003

    Attorneys for Plaintiff *Paul Harris*


Foregoing filed *electronically*
this 25th day of March, 2008.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2008, a copy of the foregoing *Motion for Protective Order* was served by First Class U.S. Mail on the following parties:

Deidra L. McEachern, Esq.
MCEACHERN & MCEACHERN, P.C.
1453-B Pennsylvania Avenue, S.E.
Washington, D.C. 20003

Attorneys for Plaintiff *Paul Harris*

Urenthea McQuinn, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
441 4th Street, N.W., 6S051
Washington, D.C. 20001

Attorney for Defendant, *District of Columbia*

Paul J. Maloney, Esq.
Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, N.W., Suite 500
Washington, DC 20036

Attorneys for Defendants *District of Columbia* and *Corrections Corporation of America*

                                  /s/ Jennifer L. Holsman
                                    Jennifer L. Holsman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Harris,<br><br>          Plaintiff,<br><br>     v.<br><br>Corrections Corporation of America, Central Treatment Facility, District of Columbia,<br><br>          Defendant. | Civil No. 1:07-cv-02169-RWR |

**PROTECTIVE ORDER**

Upon stipulation by the parties, and pursuant to the terms of the attached Stipulated Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

1.  For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recordings or transcripts of oral testimony whether or not made under oath, and the content of such document, thing, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information) or confidential personal information. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the

classification of any information as confidential and to submit the issue to the Court for resolution.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intracorporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties will make available certain of their files and other information and data for inspection by opposing counsel pursuant to agreement and subpoena (files and information that contain confidential as well as non-confidential material) and that, following this inspection, opposing counsel will designate documents to be copied and produced. At the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Agreement will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 8. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

(a) The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

(b)     The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**.

> All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 7.

5.      All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court. Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently market with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER**

6.      Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, parties, and to the following counsel and experts:

> Attorneys in this action or testifying or consulting experts, where production is required by the Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will

be furnished with a copy of the Protective Order and will be subject to the Order.

CONFIDENTIAL INFORMATION containing address or contact information concerning former or current CCA and/or District of Columbia employees will not be disclosed to Plaintiff Harris or to any other present or former inmate.  Moreover, if Defendants are requested to produce other confidential information that they believe should not be disclosed to Plaintiff Harris or to any other present or former inmate, counsel for the parties will confer to discuss the issue.  If counsel for Plaintiff agrees, Defendants will produce the information with the label: "CONFIDENTIAL/SUBJECT TO PROTECT ORDER/COUNSEL AND EXPERTS' EYES ONLY."  Confidential information so labeled shall not be disclosed to Plaintiff Harris or to any other present or former inmate.  If counsel cannot reach an agreement on the issue, the parties may take such steps as are appropriate to resolve the dispute.

7.     If Plaintiff's counsel or experts are required by law or court orders to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 6, the name of that person or entity will be furnished to CCA and/or District of Columbia's office of the General Counsel as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary.  Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order.  Any person not listed in Paragraph 6 who is entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

8.     If, upon completion of this litigation, Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel must first request in writing permission from the Office of the

General Counsel of CCA and/or District of Columbia. The request must be made in sufficient time (not less than two weeks) for CCA and/or District of Columbia to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit.

9. Counsel for various parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

10. Upon completion of the litigation, counsel and their experts shall return to the producing party any CONFIDENTIAL INFORMATION produced in this action, subject to Paragraph 8.

11. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

12. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

Date:_____        _____
                              The Honorable Richard Roberts