IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PAUL HARRIS,** | * | |
| **Plaintiff,** | | |
| | * | |
| v. | | **CIVIL NO.:** 07-cv-02169 RWR |
| **CORRECTIONS CORPORATION** | * | |
| **OF AMERICA, et. al.** | | |
| **Defendants.** | * | |

## PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. Proc. 26(a), the Plaintiff, Paul Harris, hereby serves these initial disclosures to the Defendants. Attachment I to these disclosures identifies those individuals who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings. Attachment II to these disclosures describes documents that may be relevant to disputed facts alleged with particularity in the pleadings. Attachment II list a computation of each category of damages claimed by the Plaintiff alleged with particularity in the complaint.

These disclosures do not include the names of any potential experts retained or consulted with by the Plaintiff. The Plaintiff will produce information relating to experts as may be appropriate under Fed. R. Civ. Proc. 26(a)(2) at the times provided by that Rule or any supervening order of the Court.

These disclosures do not constitute waiver of any work product protection and are without prejudice to any other issue or argument.  The Plaintiff hereby reserves the right to supplement these disclosures as information become available to him.

Respectfully submitted,

/s/ Deidra L. McEachern
Deidra L.McEachern, Esq.
Bar # 418572
McEachern & McEachern
!453-B Pennsylvania Avenue, SE
Washington, DC 20003
(202) 548-2385
(202) 548-2379 Facsimile
McEachernlaw@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that I e-served a copy of the foregoing Plaintiff's Rule 26(a)(1) Initial Disclosures on the following:

Jennifer L. Holsman, Jones, Skelton & Hochuli, P.L.C., 2901 North Central Ave., Suite 800, Phoenix, AZ 85012, jholsman@jshfirm.com, Paul J. Maloney, Mariana Bravo, CARR MALONEY, PC, 1615 L Street, NW, Suite 500, Washington, DC 20036, Urenthea McQuinn, AAG, Office of Attorney General, 441 4th Street, N.W., 6S051, Washington, DC 20001, urenthea.mcquinn@dc.gov

this 4th day of April, 2008.

/s/ Deidra L. McEachern
Deidra L. McEachern, Esq.

**ATTACHMENT I**

Persons are likely to have discoverable information related to this case:

1. **CHAUNCEY HARRIS** (no relation to the Plaintiff)

According to his mother, Mr. Harris currently is housed at a halfway house in the District of Columbia. However, she did not know which one he was in. Undersigned counsel has called Hope Village, Extended House and Effect in an attempted to locate him but none of these halfway houses indicated that he was being housed there. The person answering the phones at each of these halfway houses indicated that they did not know of any other halfway houses used by D.C. Department of Corrections. Mr. Harris;s mother's phone number is (202) 758-3893.

Mr. Chancey Harris has information regarding the condition of the floors at the time the Plaintiff fell, as well as the normal condition of the floors. He also has information regarding CTF/CCA's failure to give proper foot wear to inmates who worked in the kitchen. In addition, Mr. Chauncey Harris may have the names of CTF/CCA and/or District of Columbia staff that have information pertinent to this case and/or who was informed about the conditions complained of in this case. Plaintiff believes that Mr. C. Harris may have witnessed his fall.

2. **ARIEL RAMOS** Chief of Security CTF/CCA (at the time of the fall)

Plaintiff does not know Mr. Ramos address. However, his last known (to the Plaintiff) work address was 1901 E Street, SE, Washington, DC 20019 (CTF/CCA). Mr. Ramos was the officer on duty over the kitchen workers at the time of the Plaintiff's fall.

Mr. Ramos has information regarding the condition of the floors when the Plaintiff fell, as well as the type of foot wear he had on at the time. Mr. Ramos is also aware of the usual condition of the floors around the time the Plaintiff fell.

3. **OTHER WITNESSES**

Other kitchen inmate workers.
The Processor of Grievance Forms.

The Plaintiff does not have the names of these individuals at this time but expect to obtain much of this information during discovery and as his investigation continues. All names, contact information, and expected information known by these witnesses will be provided upon determining the same.

## **ATTACHMENT II**

Documents that support Plaintiff's claims are as follows:

1. **GRIEVANCE FORM** filled out by the Plaintiff prior to his fall. On the form Mr. Harris complains about not being given the proper shoes for working in the kitchen. The original of this form is under the control of the Defendant CTF/CCA. The Plaintiff is unaware of where the grievances are kept once they are retrieved from the box the inmates place them in.

2. **MEDICAL RECORDS** describing the Plaintiff's injuries and treatment when he was taken to D.C. General Hospital after his slip and fall at CTF/CCA. These records are held by the Custodian of Records for D.C. General Hospital.

3. **MEDICAL RECORDS** describing the condition of Plaintiff's injuries from his fall at CTF/CCA after his release from CTF. These records will also describe his treatment (therapy) for his injuries. Copies of these records are with the Plaintiff's attorney.

4. **MEDICAL BILLS** related to the Plaintiff's treatment at both the hospital and his therapy upon release from CTF. Medical bills for Plaintiff's treatment at DC General are held by DC General's billing department. Copies of medical bills for the Plaintiff's therapy and treatment after leaving CTF are with Plaintiff's attorney.

## **ATTACHMENT III**

Plaintiff's damages are as follows:

1. D.C. General - unknown- but estimated at $1,000 +.

2. Diagnosis, treatment therapy w/ Dr. Chawla $3,54.85.

3. Pain & suffering $10,000.

3. Permanency of injury $20,000 +.