IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Harris,<br><br>              Plaintiff,<br><br>   v.<br><br>Corrections Corporation of America, Central Treatment Facility, District of Columbia,<br><br>              Defendant. | Civil No. 1:07-cv-02169-RWR |

## PROTECTIVE ORDER

Upon stipulation by the parties, and pursuant to the terms of the attached Stipulated Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

      1.    For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recordings or transcripts of oral testimony whether or not made under oath, and the content of such document, thing, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information) or confidential personal information. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the

1865082.1

be furnished with a copy of the Protective Order and will be subject to the Order.

CONFIDENTIAL INFORMATION containing address or contact information concerning former or current CCA and/or District of Columbia employees will not be disclosed to Plaintiff Harris or to any other present or former inmate. Moreover, if Defendants are requested to produce other confidential information that they believe should not be disclosed to Plaintiff Harris or to any other present or former inmate, counsel for the parties will confer to discuss the issue. If counsel for Plaintiff agrees, Defendants will produce the information with the label: "CONFIDENTIAL/SUBJECT TO PROTECT ORDER/COUNSEL AND EXPERTS' EYES ONLY." Confidential information so labeled shall not be disclosed to Plaintiff Harris or to any other present or former inmate. If counsel cannot reach an agreement on the issue, the parties may take such steps as are appropriate to resolve the dispute.

7. If Plaintiff's counsel or experts are required by law or court orders to disclose Defendants' CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 6, the name of that person or entity will be furnished to CCA and/or District of Columbia's office of the General Counsel as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

8. If, upon completion of this litigation, Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel must first request in writing permission from the Office of the

1865082.1

classification of any information as confidential and to submit the issue to the Court for resolution.

*[handwritten margin note: RWR]*

2. By way of example, the term "documents" includes but is not limited to *[handwritten insertion: plaintiff's Medical records,]* correspondence, memoranda, or other printed matter, interoffice and/or intracorporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

3. It is contemplated that the parties will make available certain of their files and other information and data for inspection by opposing counsel pursuant to agreement and subpoena (files and information that contain confidential as well as non-confidential material) and that, following this inspection, opposing counsel will designate documents to be copied and produced. At the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Agreement will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraph 8. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

(a) The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

1865082.1

(b)     The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 7.

5.     All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court. Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently market with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER**

6.     Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, parties, and to the following counsel and experts:

Attorneys in this action or testifying or consulting experts, where production is required by the Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will

General Counsel of CCA and/or District of Columbia. The request must be made in sufficient time (not less than two weeks) for CCA and/or District of Columbia to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit.

9. Counsel for various parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

10. Upon completion of the litigation, counsel and their experts shall return to the producing party any CONFIDENTIAL INFORMATION produced in this action, subject to Paragraph 8.

11. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

12. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

Date: 4/3/08

_____
The Honorable Richard Roberts

1865082.1